ROBERT S. BREWER, JR.
United States Attorney
NICHOLAS J. HERNANDEZ
New York Bar No. 5185277
Assistant United States Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-7029
Nicholas.hernandez@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ULISES LUCAS-HERNANDEZ,<br><br>Defendant. | Case No.: 19-MJ-24522-LL<br><br>SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS, ECF NO. 46 |

Defendant claims that a common-law privilege against civil arrest applies to prevent immigration authorities from arresting him at the courthouse following conclusion of this criminal case. *See generally* ECF No. 46. His claim rests on several district court cases finding the privilege applicable to state courthouse immigration enforcement efforts. On September 1, 2020, the First Circuit—the only circuit court to take up the issue—reversed one of the primary cases Defendant relies upon.

Specifically, in *Ryan v. ICE*, Case No. 19-1838 (1st Cir. Sep. 1, 2020) (opinion attached as Exhibit 1), the First Circuit found that the Immigration and Nationality Act (INA) confers "broad authority upon ICE to conduct civil arrests," and that, on its face, nothing in the INA "bar ICE officers from exercising their civil arrest power either in courthouses or against individuals attending court on official business." Exhibit 1 at 14-15.[1]

---

[1] The pin cites here refer to the page numbers at the bottom of the First Circuit opinion.

The Court next rejected the plaintiffs' argument that Congress "sub silentio" intended to incorporate a common law privilege against civil courthouse arrest into the INA. *Id.* at 15. The Court found that "the case law is wholly devoid of any clear precedent on whether the common law in 1952 would have applied the privilege against courthouse arrests to civil immigration arrests." *Id.* at 3. The Court observed that "civil immigration arrests are initiated by the sovereign in order to vindicate uniquely sovereign interests rather than private or proprietary interests." *Id.* at 31. And the Court found no case suggesting the asserted privilege against civil arrest would extend to "civil arrests <u>on behalf of a sovereign</u>." *Id.* at 26 (emphasis in original). Further, the Court reasoned that "[j]ust as criminal arrests implicate the uniquely sovereign interests in enforcing the penal laws and protecting the public, so too do civil immigration arrests seek to vindicate similar kinds of interests in controlling immigration and the presence of noncitizens in the country." *Id.* at 33-34. "And just as the common law privilege was not applied to criminal arrests because of these overriding sovereign interests, one would think (for the same reason) that the privilege would not shield civil immigration arrests." *Id.* at 34. Ultimately, the Court found there was "no principled way to find that the case law in 1952 clearly implied that the privilege would have afforded a shield against civil immigration arrests." *Id.* The Court reversed the lower court's injunction, concluding the plaintiffs were "unlikely to succeed in demonstrating a long-established and familiar common law rule barring courthouse arrests that can be presumed to have been incorporated into the INA's civil arrest authority." *Id.* at 36.

//
//
//
//
//
//

In addition to the jurisdictional flaws in Defendant's claim, as outlined previously, *Ryan* makes clear that Defendant's claim fails even on the merits.

DATED: September 3, 2020          Respectfully submitted,

Robert S. Brewer, Jr.
United States Attorney

*/s/ Nicholas J. Hernandez*
NICHOLAS J. HERNANDEZ
Assistant United States Attorney