UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff,

vs.

ULISES ROMEO LUCAS-HERNANDEZ, Defendant.

Case No. 19MJ24522

San Diego, California

Thursday, February 20, 2020

10:39 a.m.

TRANSCRIPT OF MOTION HEARING/TRIAL SETTING
BEFORE THE HONORABLE LINDA LOPEZ
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government: ANDREW SHERWOOD
Assistant U.S. Attorney
880 Front Street
San Diego, California 92101

For the Defendant: FEDERAL DEFENDERS Of SAN DIEGO
BY: CHLOE S. DILLON, Esq.
225 Broadway Street
Suite 900
San Diego, California 92101

Interpreted by: Daniel Novoa

Transcript Ordered by: FEDERAL DEFENDERS

Transcriber: Cameron P. Kircher

Proceedings recorded by electronic sound recording; transcript produced by transcription.

San Diego, California - Thursday, February 20, 2020

10:39 a.m.

**THE CLERK**: Calling Matters 9 and 10 from the calendar.

Matter No. 9, 19MJ24522, the United States of America vs. Ulises Romeo Lucas-Hernandez.

**MS. DILLON**: Good morning, your Honor. Chloe Dillon, Federal Defenders, on behalf of Mr. Lucas-Hernandez, who is present before the Court on bond.

(Pause while the Court heard other matters.)

**MR. SHERWOOD**: Andrew Sherwood for the United States. Good morning, your Honor.

**THE COURT**: Good morning.

Good morning, gentlemen. I appreciate you both being here, continuing to work with your lawyer and doing everything that you need to in helping her do the best work that she can for you. So I sincerely say that and I appreciate your work with your lawyer.

So we're here this morning for each of you on a motion hearing and trial setting. What that means is this is the time when I am going to issue my rulings on certain motions that your lawyer filed, and the government filed responses to those motions.

I'm also going to select trial dates. And I'm happy to get information and input from your attorney. I have some

dates in mind, but I understand that she may need a different date, and I'm happy to hear from her with respect to that request when we get to that.

So even though you each are charged in separate charging documents, your lawyer has filed motions identical in each of your cases seeking the same relief, and the government has filed the same opposition to those motions. So I am going to issue my rulings for both of you, and I'll go over them in order in terms of the motions that your lawyer filed.

First, there is a motion to compel. I'm going to deny that in the sense that the government has indicated that they understand their discovery obligation under *Brady* and *Henthorn* and they understand their continued obligation and will comply with those requirements. So for that reason, I find this motion to be denied.

There is a motion to dismiss based on disparate treatment, a motion to dismiss based on selective prosecution and selective enforcement theory, a motion to dismiss based on violation of procedural and substantive due process.

I'm going to deny those motions for the reasons set forth in the case of *United States vs. Gildardo Aguayo-Gallardo*. That's Case No. 19CR3058.

There is also a motion to dismiss under the non-delegation doctrine, a motion to dismiss for vagueness, a

motion to dismiss for failure to allege all the elements of the charged offense. I'm going to deny those motions for the reasons set forth in *United States v. Jose Gabriel Ramos-Moran*, 19CR2984.

There is a motion to dismiss under *Morales-Santana*. I'm denying those motions for the reasons set forth in *United States vs. Gildardo Aguayo-Gallardo*, 19CR3058.

There is a motion to suppress statements, and there is two sections to that. First, the statements taken at the border patrol station. I'm denying those as moot. In both of those cases, the government has indicated that it is not intending to introduce any statements that were obtained at the border patrol station.

There is a motion to deny or to suppress the in-field statements both under hearsay and that the agent is not an expert. With respect to the hearsay request, I'm denying that. Statements made by a defendant are considered party admissions, not hearsay. So I will find those to be admissible.

With respect to the agent not being an expert, I'm going to defer on those. The agent has to lay a proper foundation that what he or she is saying that you said and what the information he obtained from each of you, that he was able to understand that. So I am going to defer on those.

With respect to voluntariness, I'm going to deny those. I don't believe there is anything before me in the cases cited to support a suppression based on voluntariness.

In terms of a motion for leave to file further motions, I'm denying that without prejudice. And I'll tell you what that means. You remember I started by saying that the government has an ongoing obligation to provide discovery to your lawyer. That means any evidence or documents that they know, they are required to give your lawyer.

If there is anything that the government has that they have not turned over, and your lawyer gets those -- those documents or whatever else it may be, and she believes that at that time she needs to file a different motion before me based on the information she receives, I will give her the authority to do that.

So those would be my rulings on the motions that have been filed and are pending before me.

So Ms. Dillon, in terms of trial dates, I have looked at my schedule. I had a -- just thought of a trial date for Mr. Lucas-Hernandez for March 13th and for -- and that would be at 10:00 a.m. And for Mr. Pastor-Narcizo, I had April 1st.

Do those dates work for you? And I'm happy to hear from the government with whatever the request is from Ms. Dillon. I don't know if you have a specific request for

a sooner date or a later date, so I'm happy to hear what your request is.

**MS. DILLON**: Thank you, your Honor. I have a couple of requests.

So with respect to both of these cases -- and so I'm speaking as to both Mr. Lucas's case and Mr. Pastor's case -- it is our recent experience in these cases that the government is seeking to introduce as proof, of at minimum the element of alienage, if not other elements of the offense, a record of a prior removal proceeding, particularly the order of removal and the warrant of removal.

And so the government is seeking to use the order of removal, the results of an administrative proceeding as proof of an element of this crime. And so I believe that if that is the United States' intention, is to introduce evidence of what happened in a prior administrative proceeding, I believe that the Supreme Court has spoken fairly clearly in *Mendoza-Lopez* that the defendant must have the opportunity to collaterally attack the proceeding and -- and attack whether it has complied with due process.

I have received from the United States in these cases that indication, that -- that the government does intend to rely on those documents. I received the certification of the documents that are in particular a warrant of removal, a warning to an alien ordered removed and

then notice of intent or decision to reinstate a prior removal order.

In Mr. Lucas's case, that discovery was provided to us about a week ago, and so I have only recently been made aware in Mr. Lucas's case that that is the specific intention in this case.

(Pause while the court heard other matters.)

**MS. DILLON**: And so I believe that if the government is going to introduce this administrative proceeding, the results of this administrative proceeding as evidence to prove a criminal offense and to prove an element of a criminal offense at trial, then both of these defendants are entitled to collaterally attack the due-process nature of those proceedings and whether those proceedings comported with due process.

And so I'm asking for a motion hearing date in order for us to file those motions in each of these cases and be heard on those motions.

**THE COURT**: And I was going to actually say that I don't think I need to hear a substantive response from the government because I do think that this is something that I also need to see your briefing on.

I was concerned that you were raising this today, and that it's the first time I'm hearing about it at the motion hearing/trial setting. But in light of when you

received the evidence, I am prepared to give the additional time so that you can brief those issues. I'm happy to hear from the government. That's my tentative.

Is there anything -- any reason you think that's not the proper approach?

**MR. SHERWOOD**: No. I think that's correct, your Honor. I would note we have addressed these issues in motions in limine, and we've gotten decisions on the day of trial. But I defer to the Court, however, the Court wants to handle it.

**THE COURT**: No. What I'm going to do is I want to have ample time to review it myself, to pull the cases that each of you cites to make sure that I'm convinced that what you're citing stands for the proposition, not that you would misrepresent that, but I want to be able to bring my own assessment to the table.

So how about if we then -- Ms. Dillon, how long do you think you would need for the motions? That will help me work backwards, to file your motion.

**MS. DILLON**: Thank you, your Honor.

So with respect to -- just so that I'm clear, the Court would like briefing both -- the Court agrees that under *Mendoza-Lopez*, we should have the opportunity to collaterally attack or wants briefing that is both the substantive briefing on the due-process issue as well as whether we

should be able to collaterally attack.

**THE COURT**: I would like briefing on both of those issues. I'm not -- based on my current understanding, without looking at it from this focus, I don't know that they have the authority or the right to attack it in this proceeding.

But that being said, I haven't, you know, looked at these cases from -- you know, with that vision, so I'm not prepared to rule on that. I just would like briefing on whether it should be admissible and whether it can be properly attacked in this court.

(Pause while the court heard other matters.)

**MS. DILLON**: And for Mr. Lucas, it's reinstatements that they are intending to use. And so I would need the substantive order that allegedly is from October 2017 as well as any and all records or audio recordings associated with that substantive order in order to be able to --

**THE COURT**: And I'm going to at this point deny that motion as moot, depending on what the -- what decision is made with the authority that the parties bring to my attention with respect to whether this is the proper place to challenge them.

**MS. DILLON**: Thank you.

**MR. SHERWOOD**: And the government hasn't even necessarily decided that we're going to use these documents.

I did request them and get them and gave them to defense, but I can make that decision in relatively short order.

**THE COURT**: Very well.

Okay. So how much time do you need, Ms. Dillon?

**MS. DILLON**: Well, this is going to be for the most part, your Honor, original briefing. We haven't briefed this previously, so it's not like I really just need to sort of rely on briefing that I have submitted previously. And so I would ask the Court for three weeks to prepare the motion so that I can make sure that it's fully prepared and well-briefed.

**THE COURT**: All right. So any opposition to that request?

**MR. SHERWOOD**: No, your Honor.

**THE COURT**: Okay. So today is the 20th. So any motions from your lawyer are due to be filed no later than March 13th.

Government counsel, you need one week to respond, or two?

**MR. SHERWOOD**: Can we have two since Ms. Dillon said it will be original.

**THE COURT**: Yes. April 3rd for any response or opposition from the government.

And am I here, Rhea, on April 23rd?

**THE CLERK**: Yes.

**THE COURT**: So your motion -- your follow-up motion hearing and trial setting where I'm going to address the motions that your lawyer is discussing will take place on April 23rd. That will be at 10:00 a.m. before me.

**MS. DILLON**: And, your Honor, may the defense submit a reply on April 10th if we feel that we have something helpful to contribute beyond what we put in our original motion?

**THE COURT**: I'm going to give you until April the 9th for any reply.

**MS. DILLON**: Thank you, your Honor.

**THE COURT**: Just so that I can have the opportunity to receive everything and review it.

So gentlemen, you're reminded that you must comply with all of the conditions of release that were previously set in your case, and that you need to be here on April 23rd at 10 o'clock in the morning before me.

Do each of you understand? Speaking first to Mr. Lucas.

**THE DEFENDANT**: Yes.

(Pause while the court heard other matters.)

**THE COURT**: Anything else from the government?

**MR. SHERWOOD**: Well, I guess just one thing. In the event we do decide not to use these documents, could we just contact the Court to get a trial date at that point or

convert one of these into a trial date?

**THE COURT**: If you decide that you're not going to introduce them, if the two of you can contact my chambers and -- you know, I would suggest, you know, you handle it however you want. You can contact my chambers and I will consider just advancing -- setting a trial date instead of additional motion hearings.

**MR. SHERWOOD**: Yes, your Honor.

(Pause while the court heard other matters.)

**THE COURT**: All right. Thank you, Counsel.

(Proceedings concluded at 10:56 a.m.)

-- oo0oo --

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Cameron P. Kircher 11-21-20
Transcriber Date